**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SOPHAL SIV | : | |
| Appellant | : | No. 2811 EDA 2017 |

Appeal from the PCRA Order August 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004561-2014

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, J.:                    **FILED MAY 31, 2019**

Sophal Siv appeals *pro se* from the order denying his *pro se* petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546 ("PCRA").  Appellant's claims are waived or would not merit relief. Accordingly, we affirm.

The PCRA court accurately presents the relevant facts and procedural history of the case, so we have no need to recount them at length here.  Briefly summarized for the convenience of the reader, we note that on March 18, 2015, Appellant entered a counseled, negotiated guilty plea to third-degree murder, unlawful restraint, and possession of an instrument of crime.  As part of the negotiated plea, the Commonwealth withdrew a charge of first-degree murder.

Appellant's guilty plea and conviction arose out of events on March 30, 2014, when he fatally shot Hai Luu ("the Victim") four times. Appellant accused the Victim of having murdered Appellant's brother. The shootings occurred at an after-hours bar in front of witnesses, including the victim's fiancée, Savanary Uk. The Victim died in a hospital soon after.

After accepting the plea, the trial court imposed an aggregate sentence, as negotiated by counsel, of not less than twenty nor more than fifty years of incarceration in a state correctional institution. Appellant did not file post-sentence motions or a direct appeal.

After Appellant filed a timely *pro se* PCRA petition the court appointed counsel who filed a **Turner/Finley** "no merit" letter and was permitted to withdraw.[1] Pursuant to Pa.R.Crim.P. 907, the PCRA court filed notice of its intent to dismiss, and dismissed the petition on August 11, 2017. This timely *pro se* appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents two questions for our review. We reproduce them verbatim except for the bracketed insertions.

> A. Did the PCRA court err in finding that prior counsel and PCRA counsel [were not] ineffective first counsel for having Appellant plead guilty to a excessiveness harsh sentence and jeopardy

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

attached and PCRA counsel advising Appellant not to respond to 907 notice which could have warrant a hearing?

B. Alternatively, was [Appellant's] plea consistent with the law at the time of the offense?

Appellant's Brief, at 1 (unnecessary capitalization omitted).[2]

Preliminarily we observe that Appellant's brief is substantially non-compliant with our Rules of Appellate Procedure.

As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. ***Commonwealth v. Maris***, 427 Pa. Super. 566, 629 A.2d 1014, 1017 n. 1 (1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Id.*** This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.;*** Pa.R.A.P. 2101. For example,

> The argument [section] shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

In the instant case, the defects in Appellant's brief are substantial. . . . ***See*** Pa.R.A.P. 2116, 2119. Appellant's . . . argument is rambling, repetitive and often incoherent. . . . Nonetheless, in the interest of justice we address the arguments that can reasonably be discerned from this defective brief.

---

[2] We have inserted "were not" into Appellant's first question.  Without a negative, there would be no reason for him to seek relief, and his issues would be meaningless.  Therefore, based on Appellant's entire argument, we conclude that his first question, as drafted, is the product of a scrivener's error.  We have modified the question accordingly.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003).

Here, Appellant's Brief contains an undivided argument section spanning two and one-half pages. While he cites to authorities, the authorities do not support the propositions Appellant asserts. Further, his arguments are often no more than undeveloped assertions. Under these circumstances, we will address the issue we are able to discern from Appellant's Brief. To the extent Appellant intended to raise other issues in his Brief, we find them waived.

We also note that Appellant has reduced his claims from the five issues originally presented in his Rule 1925 statement of errors to three. ***Compare*** Statement of Questions Raised on Appeal, 8/22/17, at 2-3, ***with*** Appellant's Brief, at 1. Accordingly, Appellant has abandoned his prior claims, and we deem them waived.

In this appeal Appellant chiefly claims plea counsel was ineffective in negotiating a plea to third-degree murder. He also claims an excessive sentence, and that PCRA counsel was ineffective in advising him that he did not have to respond to the Rule 907 notice of intent to dismiss. ***See*** Appellant's Brief, at 1. He argues he is entitled to have his guilty plea withdrawn and an evidentiary hearing held on his ineffectiveness claims. ***See*** Appellant's Brief, at 7. We disagree.

Our standard of review and the related principles for a denial of a PCRA claim are well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the

record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. The denial of an appellant's request for discovery is reviewed for abuse of discretion.

To be entitled to PCRA relief, a petitioner bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), which include a violation of the Pennsylvania or United States Constitution or ineffectiveness of counsel, any one of which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(i) and (ii). Further, the petitioner must show that the allegation of error has not been previously litigated or waived pursuant to Pa.C.S. § 9543(a)(3)[.]

An issue has been previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. A PCRA claim is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.

[ ] Counsel is presumed effective, and in order to overcome that presumption a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner. With regard to reasonable basis, the PCRA court does not question whether there were other more logical courses of action which counsel could have pursued; rather, [the court] must examine whether counsel's decisions had any reasonable basis. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can

be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different. Failure to establish any prong of the **Strickland**/**Pierce** test will defeat an ineffectiveness claim.

**Commonwealth v. Mason**, 130 A.3d 601, 617–18 (Pa. 2015) (citations, footnotes, and internal quotation marks omitted).[3]

Appellant's first question is a hybrid claim of ineffectiveness by plea counsel for the guilty plea to third-degree murder and the negotiated sentence. **See id.** at 1, 6-8. Both issues, whether considered individually or in concert, merit no relief.

Appellant does not assert that his sentence is illegal. And our review of sentence imposed on the conviction for third-degree murder reveals no basis for such a claim. The court sentenced Appellant to 18 to 40 years' incarceration. This is a legal sentence. **See** 18 Pa.C.S.A. § 1102(d).

To the extent Appellant is attempting to argue the trial court abused its discretion in imposing sentence, we note that he failed to raise the issue of an excessive sentence in a post-sentence motion or on direct appeal. Further, "[c]hallenges to the discretionary aspects of sentencing are not cognizable

---

[3] The three-factor approach utilized in Pennsylvania derives from **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987), which applied the performance and prejudice test articulated by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668 (1984).

under the PCRA." **Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007).

Moreover, Appellant fails to argue how plea counsel's performance was deficient under any of the three prongs of the **Pierce**/**Strickland** ineffectiveness test. Under these circumstances, we cannot conclude the PCRA court erred in failing to grant Appellant relief. In his final claim, Appellant asserts PCRA counsel was ineffective by advising Appellant that he need not respond to the PCRA court's notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Even if we assume that PCRA counsel provided improper advice,[4] Appellant fails to assert or argue how he suffered prejudice from PCRA counsel's allegedly deficient advice. He therefore has not established a right to relief under **Pierce**. Appellant fails to develop any remaining arguments. They are therefore waived. As Appellant has failed to establish the PCRA court erred in dismissing his PCRA petition, we affirm.

Order affirmed.

---

[4] We note that Rule 907 does not require a petitioner to respond to the notice of intent to dismiss in order to preserve issues that have already been properly raised before the PCRA court. **See** Pa.R.Crim.P. 907(1) (providing that a defendant *may*, but is not required to, respond to the notice).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/19